1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    V.<br><br>JEFFREY ALAN GELINAS,<br><br>                    Defendant. | CASE NO.  CR05-147RSM<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR REVIEW OF<br>MAGISTRATE COURT'S DETENTION<br>ORDER AND AFFIRMING THE ORDER<br>OF DETENTION |

This matter comes before the Court on defendant's motion for *de novo* review of Magistrate Judge Donohue's April 8, 2005, order detaining defendant pending trial in the above-captioned case. For the reasons discussed below, the defendant's request for release pending trial is denied.

Defendant is awaiting trial on charges of conspiracy to distribute methamphetamine and distribution of methamphetamine. Defendant is alleged to have distributed over one pound of pure methamphetamine to an undercover detective on six separate occasions. After defendant's arrest a search warrant authorized for a storage locker under the defendant's control, yielded more drugs, an electronic scale, a drug ledger and various handgun accessories and a Remington 870 Wingmaster shotgun.

The Court conducts a *de novo* review of the decision to detain defendant. The factors considered in determining whether to detain a defendant include the nature and circumstances of the charges, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to the community if the defendant were released. See 18 U.S.C. 3142(g).

ORDER

1    Additionally, the Bail Reform Act expressly provides that there is a presumption that defendants

2    charged with certain crimes should be detained.  See 18 U.S.C. 3142(e).  Because each of the charges

3    against the defendant in this case involved greater than 50 grams of pure methamphetamine, a

4    rebuttable presumption applies in favor of detention.

5            Here, the defendant is charged with distributing large quantities of pure methamphetamine,

6    a very addictive and damaging drug.  If convicted of either charge, the defendant faces a sentence of

7    between 10 years (mandatory minimum) and life (maximum) in prison and his recommended range

8    under the United States Sentencing Guidelines would be 15 to 20 years.  The defendant has been

9    incarcerated intermittently before, but never for longer than a few weeks.  Now, knowing what the

10   potential penalties could be after a conviction, he has a much greater incentive to fail to appear for

11   trial.  In fact, on the night of the arrest, as law enforcement officers identified themselves and moved

12   in to make the arrest, the defendant's response was to flee and he had to be chased on foot for more

13   than a quarter mile before he was finally tackled and apprehended.  Even then he continued to

14   struggle with the officers until finally subdued by use of a Taser.

15           While it's true, as defendant argues, that he's been a lifelong member of this community,

16   the information before the court also showed that he has a long history of drug abuse/addiction, that

17   he has been arrested 25 times and has 15 prior convictions for misdemeanor and felony offenses,

18   including assault, violation of a no contact order, disorderly conduct, attempted burglary, driving with

19   a suspended license and malicious mischief.  At the time of his arrest, there was evidence of recent

20   drug use, he had no stable ties to the community, and no legitimate employment.  Furthermore, the

21   Magistrate Judge also had information that defendant was in possession of stolen FBI and DEA gear.

22   In addition, the Court also considered the fact that defendant had been in possession of, and had

23   access to, firearms and firearm related items including the shotgun found in the storage locker.

24           Finally, the weight of the evidence in this case is overwhelming.  Not only did defendant

25   deliver drugs to an undercover officer on multiple occasions but several of these transactions were

26   actually recorded on audio and video tape as well.  Not surprisingly, after his arrest, defendant

27   confessed.  Accordingly, the Magistrate Judge  correctly found that consideration of the relevant

28   factors identified in the Bail Reform Act strongly supported the application of the presumption of

ORDER

1    detention.  The defendant did not meet his burden of rebuttal and it is clear that the decision to detain

2    was, and still is, appropriate in this case.

3            For the foregoing reasons, the defendant's motion for release pending trial is DENIED.

4

5

6            DATED this 31 day of May 2005.

7

8

9            RICARDO S. MARTINEZ
             UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER